Heedong Chae (SBN: 263237)
Email: hdchae@lucemlaw.com
LUCEM, PC
660 South Figueroa St., Suite 2300
Los Angeles, CA 90017
Phone: 213-387-3630
Fax: 213-863-6332

*Attorneys for Plaintiff,*
*SUN NONG DAN FOODS, INC.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUN NONG DAN FOODS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KANGNAM1957, INC., a California corporation; LA PARK'S MILPITAS, INC., a California corporation; HAN PAAN, INC., a California corporation; JJIM, INC., a California corporation; DAEHO LAS VEGAS, INC., a California corporation; DAEHO HWANG, an individual; IL PARK, an individual; CHAN WON PARK, an individual; DAEHO BELLEVUE, INC., a Washington corporation; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-09779-CV-RAO<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**<br><br>Hearing Date: March 12, 2025<br>Hearing Time: 10:00 a.m.<br>Courtroom: 590<br>Hon. Rozella A. Oliver<br><br>Complaint Filed: November 17, 2023<br>Discovery Cutoff: April 24, 2025<br>Pretrial Conference: September 5, 2025<br>Trial Date: October 6, 2025 |

Pursuant to Local Rule 37-2.3, Plaintiff Sun Nong Dan Foods, Inc. ("Plaintiff" or "SND") submits this Supplemental Memorandum in opposition to the parties' Joint Stipulation Regarding Defendants' Motion to Compel. (Dkt. 91) ("Joint Stipulation"). Defendants attempt to obstruct Plaintiff's discovery while demanding overbroad disclosures. They invoke Section 2019.210 as a pretext to evade discovery and delay proceedings. However, the statute does not apply, and even if it did, Plaintiff has identified its trade secrets with reasonable particularity and provided substantive discovery responses.

## I. Plaintiff Has Identified Its Trade Secrets With Reasonable Particularity

Defendants mischaracterize Plaintiff's trade secret disclosure as a generic list of steps found in any galbi jjim recipe. However, as detailed in the Joint Stipulation, Plaintiff's disclosure includes unique methods and proprietary features that distinguish it from general knowledge.

Section 2019.210 does not require a trade secret claimant to explain how its secret differs from general knowledge. *Brescia v. Angelin*, 172 Cal. App. 4th 133, 149 (2009). Even so, Plaintiff provided a traditional galbi jjim recipe alongside its trade secrets, highlighting distinct steps, proprietary methods, and advantages over traditional techniques. The steps and methods are numerically listed, include specific features, and clearly state how they differ from publicly available knowledge. Courts have found that identifying trade secrets by listing their discrete features which distinguish the trade secrets from general knowledge meets the reasonable particularity standard. *Advanced Modular v. Superior Court*, 132 Cal. App. 4th 826, 836 (2005).

Defendants' references — Exhibits J, K, … S to Clements Decl. (Dkts. 92-10 ~ 19) — focus solely on traditional galbi jjim recipes and do not describe the unique aspects of Plaintiff's trade secrets. Plaintiff's disclosure distinguishes its trade secrets through a nine-step proprietary method, compared to a seven-step traditional recipe,

detailing key parameters such as cooking time, specialized techniques, and specific benefits. The cited references vary in detail but fail to address the proprietary elements outlined in Plaintiff's trade secret disclosure.

Besides, Courts have consistently held that trade secret identification should be liberally construed, resolving reasonable doubts in favor of allowing discovery to proceed. *Brescia v. Angelin*, 172 Cal. App. 4th 133, 146, 149, 152 (2009).

Accordingly, Plaintiff has disclosed its trade secrets with reasonable particularity.

## II. Section 2019.210 Does Not Apply To This Federal Action

Federal courts are divided on the applicability of Section 2019.210, and the Central District of California applies it on a case-by-case basis. Here, the facts strongly weigh against imposing additional procedural hurdles. Plaintiff has already provided a detailed trade secret disclosure, and discovery has been ongoing for months with the original discovery cutoff of January 24, 2025, extended to April 24, 2025. Moreover, Plaintiff's claims extend beyond trade secret misappropriation to include false association, trade dress infringement, and unfair competition. Imposing Section 2019.210 would unnecessarily delay discovery, create an undue burden, and prejudice Plaintiff's ability to obtain proper discovery responses from Defendants. Defendants are improperly invoking Section 2019.210 to withhold critical discovery unrelated to trade secrets, such as financial records and employee lists essential to Plaintiff's other claims. Plaintiff's discovery of Defendants' employees will require a substantial amount of time.

Thus, Section 2019.210 does not apply to this case.

## III. Plaintiff's Discovery Responses Are Adequate And Defendants' Motion To Compel Should Be Denied

### A. Response to Interrogatory No. 9

Plaintiff has identified multiple false statements made by Defendants,

including misleading job postings, employee training misrepresenting an affiliation between SND and Daeho, the false statement that Daeho purchased SND's recipe. However, Defendants' refusal to produce employee lists hinders Plaintiff's ability to provide additional specifics.

B.  Responses to Interrogatory Nos. 8, 10 & 11

Plaintiff has stated that galbi jjim represents its largest revenue share but cannot provide damages calculations without access to Defendants' financial records, which Defendants refuse to produce by improperly invoking Section 2019.210.

C.  Document Production

Plaintiff has made multiple productions and continues to supplement discovery. Defendants' demand for immediate completion of document production within one week is unreasonable and inconsistent with the rolling production approach permitted under the Federal Rules.

**IV.  Defendants Must Produce Discovery They Have Improperly Withheld**

Defendants have failed to respond to numerous discovery requests, particularly those seeking employee lists and financial records. These documents are critical for establishing Defendants' misrepresentations in support of the false association claim and for calculating damages. Defendants' objections based on Section 2019.210 are baseless, as the requested information is relevant to multiple claims beyond trade secret misappropriation.

In Defendants' letter to Plaintiff (Exhibit OO to Chae Decl. (Dkt. 93-14)), Defendants stated that "With respect to Interrogatory No. 1 to Kangnam1957, Inc. and Interrogatory No. 4 to Daeho Hwang, we are willing to identify and provide last-known contact information for employees who, at some point in 2019, were working for the first Daeho restaurant that opened in 2019. ... However, because we expect that SND wants this information for the additional reason of attempting to develop its (meritless) claims for alleged trade secret misappropriation, we are willing to provide

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
3

this information only once your client identifies its alleged trade secrets with reasonable particularity and under oath." Accordingly, as Defendants acknowledged in this letter, once the Court determines that Section 2019.210 does not apply or that Plaintiff has already satisfied the statute, Defendants should produce the employee list as proposed.

Additionally, Defendants have failed to produce financial information in response to Plaintiff's discovery requests. Once the Court determines that Section 2019.210 does not apply or that Plaintiff has already satisfied the statute, Defendants should substantively respond to these discovery requests.

Plaintiff believes Defendants have invoked Section 2019.210 as a pretext to withhold this critical information and has serious concerns regarding Defendants' improper conduct. Notably, despite making no advertising efforts when opening the first Daeho restaurant, it was an immediate success. This can only be explained by the false association with SND, which is corroborated by numerous Yelp reviews from that period. Defendants' assertion that they are "not aware of any" instances of false association beyond job postings is demonstrably false. Furthermore, Defendants spread the false statement that Daeho purchased SND's recipe for $10,000. Plaintiff believes Defendants are withholding the employee list because testimony from Daeho's employees would substantiate these false statements.

Accordingly, Defendants should produce the employee list and financial records and substantively respond to Plaintiff's discovery requests, rather than improperly invoking Section 2019.210 to withhold relevant information.

V.   **Section VI Of The Joint Stipulation Is Not Improper**

After completing the draft of the Joint Stipulation, Defendants objected to Section VI of the Joint Stipulation, titled "Plaintiff's Discovery Requests," arguing that it is improper because the motion was filed by Defendants, not Plaintiff.

However, Section VI does not introduce new issues; it merely lists Plaintiff's

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
4

discovery requests where Defendants have invoked Section 2019.210, which is directly relevant to the dispute. Additionally, Local Rule 37-2 does not prohibit the inclusion of additional sections in a joint stipulation, particularly when necessary to fully present Plaintiff's contentions. Section VI provides essential context for the discovery disputes outlined in the stipulation and directly relates to Defendants' invocation of Section 2019.210 to withhold discovery. Moreover, Defendants have not been prejudiced by its inclusion, as they can dispute its contents in their supplemental memorandum. If the Court denies Defendants' motion regarding Section 2019.210, Defendants must provide substantive responses to Plaintiff's discovery requests.

The Court has broad discretion in resolving discovery disputes, and Plaintiff respectfully requests an order compelling Defendants to provide substantive responses to Plaintiff's discovery requests. *See M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 4284523 (C.D. Cal. 2019) (ordering that, in response to a defendant's motion to compel discovery regarding Section 2019.210, the defendant must provide substantive responses to existing discovery after the plaintiff's disclosure of trade secrets with reasonable particularity).).

## VI.   Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) deny Defendants' Motion to Compel in its entirety; (2) direct Defendants to immediately produce employee lists, financial records, and all other outstanding discovery materials; (3) deny any request for a premature, unilateral cutoff of Plaintiff's discovery obligations; and (4) grant any additional relief the Court deems just and proper.

1  Dated:  February 26, 2025           Respectfully submitted,

                                       By:  /s/ Heedong Chae
                                            Heedong Chae

                                            Attorney for Plaintiff
                                            SUN NONG DAN FOODS, INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. My business address is 660 S. Figueroa St., Suite 1200, Los Angeles, California 90017. On the date listed below, I served the following document(s):

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

**[X] (By Electronic Transfer to the CM/ECF System)** In accordance with Federal Rules of Civil Procedure 5(d)(3), Local Rule 5-4, and the U.S. District Court of the Central District's General Order governing electronic filing, I uploaded via electronic transfer a true and correct copy scanned into an electronic filed in Adobe "pdf" format of the above-listed documents to the United States District Court Central District of California's Case Management and Electronic Case Filing (CM/ECF) system on this date. It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system.

| | |
|---|---|
| Benjamin W. Clements (SBN 299126)<br>bclements@troygould.com<br>Chinelo N. Ikem (SBN 343780)<br>cikem@troygould.com<br>TROYGOULD PC<br>1801 Century Park East, 16th Floor Los Angeles, CA 90067-2367<br>Telephone: (310) 553-4441<br>Facsimile: (310) 201-4746<br><br>Attorneys for Defendants<br>Kangnam1957, Inc.; La Park's Milpitas, Inc.; Han Paan, Inc.; Jjim, Inc.; Daeho Las Vegas Inc.; Daeho Hwang; and Daeho Bellevue Inc. | Lisa J. Yang (SBN 208971)<br>Lisa.Yang@LimNexus.com<br>LIMNEXUS LLP<br>707 Wilshire Blvd., 46th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 955-9500<br>Facsimile: (213) 955-9511<br><br>Attorneys for Defendants<br>Il Park and Chan Won Park |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: February 26, 2025         /s/ Heedong Chae
                                                 HEEDONG CHAE

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM

7